```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                           AT BECKLEY
```

**BRITTANY NICOLE BLAKE,**
**et al.,**

    **Plaintiffs,**
**v.**                                        **CIVIL ACTION NO. 5:03-2109**

**DAVID ALAN RADCLIFF,**

    **Defendant.**

## MEMORANDUM OPINION

     Before this court is defendant's motion to strike all pleadings and motion to dismiss for plaintiffs' failure to comply with Local Rule 2.20 (Doc. No. 50). The plaintiffs filed a response on January 11, 2005 (Doc. No. 61) and a motion to permit filing of statements of visiting attorney and designation of local attorney (Doc. No. 62). The defendant filed a reply on January 21, 2005 (Doc. No. 67). The motion is thus ripe for ruling. For the reasons stated herein, defendant's motion is DENIED.

     The defendant requests that this court strike all of the plaintiff's pleadings and to dismiss this case for the plaintiffs' failure to comply with Local Rule 2.02. See Doc. No. 51 at 3. Local Rule 2.02 states as follows:

> Any person who has not been admitted to practice before the Supreme Court of Appeals of West Virginia, but who is a member in good standing of the bar of the Supreme Court of the United States, the bar of the highest court of any other state in the United States, or the bar of the District of Columbia, shall be permitted to appear as a visiting attorney in a particular case in association with a permanent member of the bar of this court as herein provided. The visiting attorney shall file with the clerk, at or before his or her initial appearance, a statement identifying by name and address

> the bar of which he or she is a member in good standing and designating some permanent member of the bar of this court who has an office for the practice of law in this district upon whom pleadings, notices and other papers may be served. The permanent member of the bar of this court so designated shall consent to the designation and shall thereafter sign all papers that require the signature of an attorney. Any paper filed by a visiting attorney not in compliance with this rule may be stricken from the record after fifteen days' written notice mailed to the visiting attorney at his or her address as known to the clerk. Upon compliance with this rule and introduction of the visiting attorney to the court by the sponsoring permanent member of this court's bar, the sponsoring attorney, with the consent of the court, may be excused from further attendance during the proceedings and the visiting attorney may continue to appear in that particular case.

See Local Rule of General Practice and Procedure 2.02. The defendant asserts that the plaintiffs are in violation of this rule because the plaintiffs' attorneys failed to file a statement of visiting attorney before their initial appearance and failed to designate appropriate local counsel. See Doc. No. 51 at 5. As such, then defendant argues that all of the pleadings were improperly signed and submitted to this court. The defendant avers that this procedural defect cannot be remedied by a later statement of visiting attorney because the rule states that the statement shall be filed at or before the initial appearance. Id. at 8. Moreover, the defendant argues that once the court strikes all of the pleadings, the plaintiffs will be in violation of this court's Scheduling Order and thus the matter should be dismissed. Id. at 9.

The plaintiffs' attorneys assert that the failure to submit statements of visiting attorney was a good faith mistake. See

Doc. No. 63 at 3.  The plaintiffs assert that they were prepared to designate Thomas Canterbury, II, as local counsel at the time of the filing of the complaint but inadvertently failed to submit the proper paperwork to the court.  <u>Id.</u> at 2-3.  After the error was brought to their attention by virtue of defendant's motion, the plaintiffs filed a motion to permit filing of statements of visiting attorney and designation of local attorney *nunc pro tunc* (Doc. No. 62).

The court has examined the briefs in this matter and all of the pleadings filed in relation to these motions.  Despite defendant's assertion, this court cannot find any way in which the defendant has been unduly prejudiced by virtue of the plaintiffs' failure to fully comply with Local Rule 2.02.  The court notes that Local Rule 2.02 permits, but does not require, the court to strike pleadings for failure to comply with its dictates.  <u>See</u> Local Rule of General Practice and Procedure 2.02.  The action the defendant requests is a severe sanction and should not be undertaken lightly.  While this court does not intend to discount the necessity of complying with the court's rules, it does not believe that this situation warrants striking the pleadings and dismissing the matter.  Absent a strong showing of prejudice, the court is unwilling to strike all of plaintiffs' pleadings for failure to comply with Local Rule 2.02 when that error was not made in bad faith.  Accordingly, defendant's motion to dismiss and to strike all pleadings for failure to comply with Local Rule 2.02 is DENIED.  Further, plaintiffs' motion to permit

filing of statements of visiting attorney and designation of local attorney is GRANTED. The plaintiffs' counsels' statement of visiting attorney shall be deemed filed *nunc pro tunc* to the date of the filing of the complaint in this matter.

The Clerk is directed to send copies of this Order to all counsel of record and to any unrepresented party.

IT IS SO ORDERED this 3rd day of June, 2005.

                                      ENTER:

                                      David A. Faber
                                      Chief Judge