```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BECKLEY
```

**BRITTANY NICOLE BLAKE,**
**et al.,**

    **Plaintiffs,**
**v.**                                     **CIVIL ACTION NO. 5:03-2109**

**DAVID ALAN RADCLIFF,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

### I.  Introduction

Before this court are the following motions of the defendant:  1) motion for summary judgment on the claims of Brittany Nicole Blake, Harold Lester Blake, and Debra Ray Blake, or for sanctions for failure to attend depositions (Doc. No. 54); 2) motion for summary judgment on the claims of Amber Victoria Spearen and Mallory Breann Spearen (Doc. No. 56); and 3) motion to deem supplement to motion for summary judgment on claims of Amber Victoria Spearen and Mallory Breann Spearen timely (Doc. No. 86) and corresponding supplement to motion for summary judgment (Doc. No. 87).  The plaintiffs named in the various summary judgment motions have filed responses.  The time for the filing of a reply has passed.  The plaintiffs have opposed the defendant's motion to deem the supplement timely.  The plaintiffs have not yet filed a response to the supplement itself, but the time to respond has not yet passed.  The court, however, can rule

on this motion without need for further response from the plaintiffs. Accordingly, the motions are ripe for ruling. For the reasons contained herein, the defendant's motions for summary judgment are DENIED.

This action arises out of a series of alleged inappropriate contacts between the defendant and the minor plaintiffs. At all relevant times, the minor plaintiffs were students at Beckwith Elementary School where the defendant was a principal. The defendant moves for summary judgment with respect to plaintiffs Amber Spearen and Mallory Spearen on the ground that the factual allegations of these plaintiffs do not support a violation of their constitutional rights. See Doc. No. 57 at 9 ("Neither girl's testimony demonstrates that Radcliff engaged in inappropriate behavior, much less that he violated their constitutional rights."). The defendant also belatedly moves for summary judgment against Amber Spearen and Mallory Spearen on the ground of qualified immunity. See Doc. No. 87. The various plaintiffs dispute defendant's assertions.

## II. Standard for Summary Judgment

Turning to the issue of summary judgment, Rule 56 of the Federal Rules of Civil Procedure provides that:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories,

> and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56 (2003). The moving party has the burden of establishing that there is no genuine issue as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has met this burden, the burden then shifts to the nonmoving party to produce sufficient evidence for a jury to return a verdict for that party.

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find, by a preponderance of the evidence, that the plaintiff is entitled to a verdict . . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 250-251. Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 655, 655 (1962).

### III. Analysis

#### A. Plaintiffs Brittany Blake, Harold Blake, and Debra Blake

The court notes that the three Blake plaintiffs have entered a stipulation of voluntary dismissal of all of their claims against the defendant. Accordingly, defendant's motion for summary judgment is MOOT. Additionally, the parties have indicated to the court that the dismissal resolves all issues between the parties. Accordingly, the defendant's request for sanctions against the Blake plaintiffs is MOOT.

#### B. Plaintiffs Amber Spearen and Mallory Spearen

##### 1. Severity of the Conduct

The defendant alleges that the claims of plaintiffs Amber Spearen and Mallory Spearen do not rise to the level of a violation under § 1983. See Doc. No. 57 at 9 ("[I]t is beyond cavil that a teacher simply sitting a child on his lap in public does not rise to the level of a constitutional violation."). The defendant asserts that the conduct of the defendant in this case constituted actionable sexual harassment. See Doc. No. 70 at 2.

The parties do not dispute the factual allegations of this case for the purpose of summary judgment. What the parties do dispute, however, is the implications of those allegations and

the legal consequences of the facts as asserted.  The allegations of Mallory Spearen are as follows:

> He made me sit on his lap one time when we was [sic] in class.  I was crying.  I don't remember why, not exactly, and he told me to come here, so I went up to the class and he said to sit on his lap and I said no, so he sat me up there and put his hand on my inner thigh about, I guess three or four inches away from my private parts, which was very uncomfortable.

See Doc. No. 57, Exhibit 2, Deposition of Mallory Breann Spearen, at 8.  Mallory Spearen does not allege that the defendant fondled or made contact with any of her sexual organs.  Id. at 9.  The allegations of Amber Spearen are as follows:

> Well, when I was in third grade, my second year in third grade in Beckwith, we was [sic] in the lunch room . . . and he told me to sit on his lap and he put me on his lap and he put his hand on my thing and my leg and I felt uncomfortable and got off his lap . . . . [H]e put his hand right there like on the side part close to my private parts.

See Doc. No. 57, Exhibit 3, Deposition of Amber Victoria Spearen, at 10-11.  As with Mallory Spearen, Amber Spearen does not allege that the defendant fondled or made contact with any of her sexual organs.  Id. at 11.

The defendant asserts that neither of these contacts is actionable under § 1983.  See Doc. No. 57 at 7-9.  The defendant implies that sexual intercourse or sexual contact over a period of time is necessary to maintain a § 1983 suit.  Id. at 8-9.  The

5

plaintiffs assert that they can maintain an action because the defendant's conduct "constitutes sexual violence and sexual harassment" under the Fayette County Board of Education Policy A-32 on racial, sexual, religious-ethnic harassment and violence. See Doc. No. 70 at 2. That policy defines sexual violence as "a physical act of aggression or force or threat which involves the touching of another person's intimate parts. Intimate parts include the . . . inner thigh." See Doc. No. 57, Exhibit C, Racial, Sexual, Religious-Ethnic Harassment/Violence Policy, at 4. Although the plaintiffs' allegations may be sufficient to violate the Board of Education's policy, the plaintiffs are incorrect in assuming that a violation of the school's sexual harassment policy would automatically be actionable under § 1983. See Carter v. Rogers, 805 F.2d 1153, 1158 (4th Cir. 1986) (noting that "not every state law tort is also a federal tort for which there can redress in a suit under § 1983"). If a state law tort is not automatically actionable under § 1983, a fortiori, a violation of a school board policy is not automatically actionable under § 1983.

    The inquiry does not end there, however, as neither party cites the appropriate applicable standard in this case. The standard to be applied in a § 1983 action asserting a violation

6

of substantive due process is "shock the conscience."  See Hall v. Tawney, 621 F.2d 607, 613 (4th Cir. 1980) (noting in a corporal punishment in a school setting case that "shock the conscience" is the appropriate standard in § 1983 actions).  The question, then, is whether the conduct in this case is of such a nature as to "shock the conscience."  Guidance on what "shocks the conscience" in a teacher-student sexual harassment case is scant.  See Hinkley v. Baker, 122 F. Supp. 2d 48, 52 (D. Maine 2000) ("Only a few cases have examined whether the defendant's alleged conduct was sufficient to shock the conscience."); see also Doe v. Beaumont I.S.D., et al., 8 F. Supp. 2d 596, 606 (E.D. Texas 1998) (noting the lack of guidance on what conduct is sufficiently severe to shock the conscience).  Most of the cases that address the issue speak in vague terms that do not provide the detail needed to make an accurate determination of what shocks the conscience.  See Hinkley, 122 F. Supp. 2d at 52.

Looking at specific cases of sexual harassment allegations against teachers that did not involve intercourse fails to provide a clear indication concerning what level of conduct shocks the conscience.  There are some cases that hold that conduct analogous to that in the case before this court is not so egregious as to "shock the conscience."  In Abeyta v. Chama

Valley Independent School Dist., 77 F.3d 1253 (10th Cir. 1996), the Tenth Circuit held that it did not shock the conscience for a teacher to repeatedly call a twelve-year old student a "prostitute" in front of the class.  See Abeyta, 77 F.3d at 1256-57.  Moreover, the Sixth Circuit held in Lillard v. Shelby County Board of Educ., 76 F.3d 716 (6th Cir. 1996), that it did not shock the conscience for a teacher to rub a student's stomach while making suggestive comments such as that "he had arranged for permission for her to come to his class . . . after her last exam."  Lillard, 76 F.3d at 721, 726.  However, there are also cases in which courts have allowed a case to proceed to trial on the merits based on conduct that is similar in nature to that alleged in this case.  In Hinkley, the court denied a motion to dismiss for failure to state a claim in which the student alleged that her teacher engaged in "neck kissing, ear nibbling, ear blowing, back rubbing, hair combing, chest touching and sledding."  See Hinkley v. Baker, 122 F. Supp. 48, 53. (D. Maine 2000).  The court stated that neither genital touching nor sexual intercourse was a necessary predicate to a claim for sexual abuse under § 1983.  Id. at 52-53.

In the case most analogous to the instant action, the Eastern District of Texas denied summary judgment to a defendant

on a § 1983 claim of teacher-student sexual molestation. See <u>Doe v. Beaumont I.S.D., et al.</u>, 8 F. Supp. 2d 596. In <u>Doe</u>, one student alleged that about three or four times, her teacher would lay his arm "over her shoulders, with his hand 'leaning over' onto her chest area." <u>Id.</u> at 602-03. Another plaintiff in <u>Doe</u> alleged a single incident in which the same teacher "draped his hand across her shoulder, [such that] his hand fell down onto her 'upper shoulder, chest area.'" <u>Id.</u> At 602-03. There were no other allegations of physical contact and no allegations of fondling or massaging. <u>Id.</u> at 606. The court decided that in the interest of caution, it should deny summary judgment for the defendant as to each plaintiff. <u>Id.</u> at 607.

This court agrees with the decision of the Eastern District of Texas. This is a difficult case that involves the weighing of morality and social norms in determining what "shocks the conscience." This court believes that in the interest of an abundance of caution, and in light of the varied case law on what shocks the conscience, it should hear all of the evidence in this case before it can definitely determine whether the alleged conduct in this case is so egregious that it would shock the conscience. Accordingly, the defendant's motion for summary judgment is DENIED.

9

## 2. Qualified Immunity

The defendant belatedly moves for summary judgment on the grounds of qualified immunity. See Doc. No. 87 at 1-3. The defendant filed a motion to consider the qualified immunity supplement to its motion for summary judgment timely (Doc. No. 86). The plaintiffs have filed a response in opposition to the motion to deem the supplement timely. The defendant asserts that this supplement will not prejudice the plaintiffs nor will it result in a delay in the trial. See Doc. No. 86 at 2. This court disagrees.

The defendant is attempting to assert an entirely new legal defense that has not been briefed by any of the parties less than a week before the pretrial conference and less than three weeks before trial. Motions for summary judgment were due to the court on November 19, 2004. The defendant has not offered any reason, and the court sees none of its own initiative, why he could not raise the defense of qualified immunity in a timely fashion. Accordingly, the court DENIES defendant's motion to consider the supplement to its motion for summary judgment timely. Additionally, the court DENIES defendant's motion for summary judgment on the grounds of qualified immunity as untimely.

In the abundance of caution, however, the court examined defendant's motion for summary judgment and notes that it would have denied the motion on the merits if it had not denied the motion as untimely. The defendant erroneously views the qualified immunity standard from too narrow a field. The defendant views the question as whether it was clearly established that his specific acts would violate the student's constitutional rights. See Doc. No. 87 at 3-4. The proper consideration is not whether it was clearly established that his specific acts would violate the student's constitutional rights, but, rather, whether it was clearly established that a teacher could violate a student's constitutional rights by sexually molesting the student. See <u>SH.A., as Parent and Next Friend of J.A., a minor, et al. v. Tucumcari Municipal Schools</u>, 321 F.3d 1285, 1288 (10th Cir. 2003) (stating that there need not "'be a case presenting the exact fact situation at hand in order to give parties notice of what constitutes actionable conduct.' Instead, we merely require the parties to make a reasonable application of existing law to their own circumstances." (quoting <u>Johnson v. Martin</u>, 195 F.3d 1208, 1216 (10th Cir. 1999)). The Fourth Circuit in <u>Hall v. Tawney</u>, 621 F.2d 607, clearly established that it was a violation of a student's constitutional right for a

11

teacher to infringe upon a student's bodily integrity. See Hall, 621 F.2d at 613. Moreover, the defendant admits that it has been established that § 1983 provides a remedy for a student who has been sexually molested by her teacher. See Doc. No. 57 at 8 (noting that "the Fifth Circuit [has] determined that sexually molesting a student is a constitutional violation" (citing Doe v. Taylor Independent School District, 975 F.2d 137). Therefore, it was clearly established that a teacher violates a student's constitutional rights by sexually molesting that student. Accordingly, defendant's motion for summary judgment on grounds of qualified immunity is DENIED.

### III. Conclusion

For the reasons stated above, the court makes the following rulings:

1. Defendant's motion for summary judgment as to the claims of Mallory Breann Spearen and Amber Victoria Spearen is DENIED (Doc. No. 70).

2. Defendant's motion to deem its supplement to the motion for summary judgment as to the claims of Mallory Breann Spearen and Amber Victoria Spearen timely is DENIED (Doc. No. 86).

3. Defendant's supplement to the motion for summary judgment as to the claims of Mallory Breann Spearen and Amber Victoria Spearen is DENIED (Doc. No. 87).

4. Defendant's motion for summary judgment as to the claims of Brittany Nicole Blake, Harold Lester Blake, and Debra Ray Blake is denied as MOOT (Doc. No. 54).

5. Defendant's motion for sanctions against plaintiffs Brittany Nicole Blake, Harold Lester Blake, and Debra Ray Blake for failure to appear for depositions is MOOT (Doc. No. 54).

The Clerk is directed to mail copies of this order to all counsel of record and pro se parties.

It is SO ORDERED this 8th day of June, 2005.

ENTER:

_____
David A. Faber
Chief Judge

13